UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY E. PANZIERA,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 17-CV-02719-LHK<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 20 |

Plaintiff Mary Panziera ("Panziera") appealed the final decision of the Commissioner of Social Security ("Commissioner") denying Panziera's application for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act. On January 3, 2018, the Court granted in part and denied in part Panziera's motion for summary judgment, and denied the Commissioner's cross-motion for summary judgment. ECF No. 15. The Court remanded to an administrative law judge ("ALJ") to make a disability determination. *Id.* at 44. On remand, the ALJ determined that Panziera was disabled, and awarded Panziera $90,760 in past-due benefits. ECF No. 20-7. Before the Court is an unopposed motion for $11,500 in attorney's fees pursuant to 42 U.S.C. § 406(b) filed by Panziera's attorney, Terry LaPorte.

1
Case No. 17-CV-02719-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Under the Social Security Act ("SSA"), an attorney representing a social security claimant who prevails in federal court may be entitled to fees:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). By statute, § 406(b) fees are paid out of the claimant's award of past-due benefits. *Id.*; *see Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (explaining that any award under § 406(b) is "paid directly out of the claimant's benefits"). The SSA also entitles an attorney to a separate award of fees, determined by the ALJ, for work performed in administrative proceedings. *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019). In this case, the ALJ authorized $6,000 in attorney's fees for LaPorte under § 406(a). ECF No. 20-6.

In addition, the Court has already awarded LaPorte $6,300 in attorney's fees under the Equal Access to Justice Act ("EAJA"), pursuant to the parties' stipulation. ECF No. 19. The SSA and the EAJA "both allow attorneys to receive fees for successful Social Security representations." *Parrish*, 698 F.3d at 1217. However, a savings provision in the EAJA requires a lawyer to offset SSA attorney's fees with EAJA attorney's fees "if the two were for the 'same work.'" *Id.* at 1218. LaPorte explains in an affidavit that to avoid any double receipt of fees, the award of EAJA attorney's fees will revert to Panziera. ECF No. 20-2; *see Astrue v. Ratliff*, 560 U.S. 586, 594 (2010) (holding that "EAJA fees are payable to litigants"); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where an attorney receives fee awards under both the EAJA and SSA, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee") (alteration in original) (citation omitted).

Thus, the Court need only decide whether LaPorte's request for $11,500 in attorney's fees is authorized under the SSA. In *Gisbrecht*, the United States Supreme Court concluded that Congress "designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Further, § 406(b) authorizes contingent

2

Case No. 17-CV-02719-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

fee agreements, so long as they are reasonable. *Id.* at 807–08 ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). The Ninth Circuit has held that under *Gisbrecht*, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). If a district court departs downward from an agreement's terms, the district court must explain its reasons for doing so. *Id.* A court may also require counsel to submit a timesheet. *Id.*

In this case, LaPorte and Panziera entered a contingent fee agreement in which Panziera agreed to pay LaPorte a contingent 25% of past-due benefits. ECF No. 20-8 (fee agreement signed May 8, 2017). In an April 24, 2019 affidavit, Panziera "reaffirm[s] the fee agreement that I signed on May 8, 2017 entitling Terry LaPorte to 25% of the retroactive benefit pending approval by this Court." ECF No. 20-2. However, LaPorte requests a much smaller percentage in the instant motion. His requested sum of $11,500 is approximately 12.7% of Panziera's $90,760 in past-due benefits. LaPorte has also attached an itemization of his time, which indicates that LaPorte spent 34.5 hours on Panziera's case. ECF No. 20-3.

Pursuant to *Gisbrecht*, the Court does not find that any downward adjustment is required or justified. LaPorte did not provide substandard representation or delay the case. Rather, LaPorte successfully won a motion for summary judgment before this Court, and obtained past-due benefits for Panziera on remand. In addition, the requested fees would not result in a windfall. Although the fee agreement entitles LaPorte to seek 25% of Panziera's past-due benefits, LaPorte seeks only half that amount, and explicitly bases his attorney's fees request on the number of hours he worked on Panziera's case. *See* ECF No. 20-1. Accordingly, the Court finds that LaPorte's attorney's fees request is reasonable under *Gisbrecht*.

Therefore, the Court GRANTS LaPorte's motion for $11,500 in attorney's fees under 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

3
Case No. 17-CV-02719-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Dated: July 18, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge